**O**

# United States District Court
# Central District of California

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DISCOUNTMETALBROKERS, INC.;<br>DONALD LEE DAYER; KATHERINA<br>DAYER; and MICHAEL BERMAN,<br><br>Defendants. | Case № 2:16-cv-02112-ODW (JCx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE THROUGH THE SECRETARY OF STATE [23]** |

## I.   INTRODUCTION

This is a government enforcement action brought by Plaintiff Federal Trade Commission ("FTC") against Defendant Discountmetalbrokers, Inc. ("DMB"). The FTC alleges that DMB held itself out as a legitimate seller of gold and silver, and advertised gold and silver as a "safe" retirement investment. (Compl. ¶ 11.) However, when customers would place orders for gold and silver, DMB would often fail to deliver the product. (*Id.*) The FTC estimates that Defendants may have scammed consumers out of more than $33 million using this scheme. (*Id.*)

/ / /

On June 24, 2016, the FTC moved for an order directing service of process on DMB through the California Secretary of State, and for an order extending the period in which to serve DMB. (ECF No. 23.) No timely opposition was filed. For the reasons discussion below, the Court **GRANTS** the FTC's Motion. (ECF No. 23.)[1]

## II.  DISCUSSION

### A.  Service Through Secretary of State

A domestic corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Under California law, a defendant may be served by either personally delivering the documents to the person to be served, or by leaving a copy of the documents at the defendant's home or usual place of business with the "person who is apparently in charge" and then mailing a copy thereafter to the person to be served. Code Civ. Proc. §§ 415.10, 415.20(a), (b). When serving a corporation, the person to be served is either the designated agent for service of process, or an officer of the company. *See id.* § 416.10(a), (b). Finally, if the corporation "cannot be served with reasonable diligence" using one of the foregoing methods, the party attempting to effect service may apply to the Court for an order permitting service through the California Secretary of State. Cal. Corp. Code § 1702(a).

Here, the Court is satisfied that the FTC has exhausted all methods of service short of service on the Secretary of State. DMB's designated agent for service of process and only officer is Michael Berman. (Averill Decl. ¶ 4.) Although the FTC was able to serve Berman by substituted service (i.e., by leaving the summons and complaint with Berman's father, with whom he shares a residence), such service would be ineffective as to DMB because Berman's personal residence is not DMB's business address. (ECF No. 16.) The FTC has attempted to serve Berman himself a

---

[1] After consider the moving papers, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

1 total of six times at the residence without success. (Demirjyan Decl. ¶¶ 3–5.)
2 Moreover, the business addresses listed on the Secretary of State for DMB are private
3 mailboxes, and DMB no longer receives mail at those locations. (Averill Decl. ¶¶ 7,
4 12, 14.) The FTC even attempted to send requests for waiver of service to both his
5 residence and the above business addresses, but did not receive a signed waiver in
6 response. (*Id.* ¶ 14.) The FTC has been unable to find an alternate address or way to
7 contact Berman. (*Id.* ¶¶ 18–19.)

8       Based on the foregoing, it appears that DMB cannot be served with reasonable
9 diligence short of serving the Secretary of State.

10 **B. Rule 4(m) Period**

11       The FTC also moves for an extension of time in which to serve DMB. Under
12 Federal Rule of Civil Procedure 4(m), if a defendant is not served "within 90 days
13 after the complaint is filed," the court "must dismiss the action without prejudice
14 against that defendant or order that service be made within a specified time." Fed. R.
15 Civ. P. 4(m). However, if the plaintiff shows "good cause" for having not served the
16 defendant, the court "must extend the time for service for an appropriate period."
17 Here, the 90-day deadline expired on June 27, 2016. However, for the reasons
18 described, above the Court finds that there is good cause for the FTC's failure to do
19 so. Thus, the Court hereby extends the deadline in which to serve DMB by an
20 additional 45 days.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the FTC's Motion. (ECF No. 23.) The FTC is **ORDERED** to serve DMB in compliance with California Corporations Code section 1702 within 45 days from the date of this order.

**IT IS SO ORDERED.**

July 13, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**