# United States District Court
# Central District of California

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case № 2:16-CV-02112-ODW(JC) |
| Plaintiff, | |
| | **FINAL JUDGMENT AND ORDER FOR INJUNCTIVE AND OTHER RELIEF AS TO DONALD LEE DAYER, KATHERINA DAYER, MICHAEL BERMAN, and DISCOUNTMETALBROKERS, INC.** |
| DISCOUNTMETALBROKERS, INC., a corporation, f/k/a Discount Gold Brokers, Inc. and Discount Metal Brokers, Inc. and d/b/a Discount Gold Brokers and North American Discount Gold.com, | |
| DONALD LEE DAYER, a/k/a Lee Dayer, individually and as an officer of DISCOUNTMETALBROKERS, INC., | |
| KATHERINA DAYER, individually and as an officer of DISCOUNTMETALBROKERS, INC., and | |
| MICHAEL BERMAN, individually and as an officer of DISCOUNTMETALBROKERS, INC., | |
| Defendants. | |

Federal Trade Commission ("Commission" or "FTC") filed its *Complaint for Permanent Injunction and Other Equitable Relief*, subsequently amended as *First Amended Complaint for Permanent Injunction and Other Equitable Relief* (ECF No. 41, "Amended Complaint"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Mail, Internet, or Telephone Order Merchandise Rule ("Merchandise Rule"), 16 C.F.R. Part 435.

On May 25, 2017, the FTC filed a *Motion for Summary Judgment Against Defendants Donald Lee Dayer and Katherina Dayer,* along with supporting declarations, deposition excerpts, and exhibits. On October 4, 2017, the Court issued an Order granting the FTC's Motion for Summary Judgment (ECF No. 92). On May 26, 2017, the FTC filed a *Motion for Default Judgment Against Defendants Michael Berman and DiscountMetalBrokers, Inc.*, which this Court granted in an Order dated October 13, 2017 (ECF No. 94). Based upon the record, the Court now enters this *Final Judgment and Order for Injunctive and Other Relief against Defendants Donald Lee Dayer, Katherina Dayer, Michael Berman, and DiscountMetalBrokers, Inc.* pursuant to Federal Rule of Civil Procedure 58.

For the reasons set forth in my previous Orders (ECF Nos. 92, 94), this Court has concluded that:

a. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

b. Venue is proper as to all parties in this district under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), and (c)(2) and 15 U.S.C. § 53(b).

c. At all relevant times, Defendants' activities have been in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

d. The Corporate Defendant is DiscountMetalBrokers, Inc., formerly known as Discount Gold Brokers, Inc. and Discount Metal Brokers, Inc., and doing

business as Discount Gold Brokers and North American Discount Gold.com (collectively, "DGB").

e. DGB's advertisements contained misrepresentations that DGB would deliver gold or silver to consumers in exchange for payment. The advertisements did not clearly and conspicuously specify when the company would ship gold or silver.

f. DGB violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by misrepresenting in advertisements that DGB would ship gold and silver to consumers. DGB failed to ship gold and silver to many of its consumers, and Defendants did not have a reasonable basis for making the representations that DGB would deliver gold and silver.

g. DGB violated the Merchandise Rule, 16 C.F.R. § 435.2(b)(1), because the company failed to deliver orders within 30 days, and failed to offer consumers the opportunity to consent to a delay or to cancel their orders and receive a refund.

h. DGB violated the Merchandise Rule, 16 C.F.R. § 435.2(c) when the company failed to deliver gold or silver within 30 days, and failed to deem overdue orders cancelled and refused consumers' requests for cancellation and refunds.

i. DGB violated the Merchandise Rule, 16 C.F.R. § 435.2(a)(1) because the company solicited orders without clearly and conspicuously stating the shipping time, and without having a reasonable basis to expect that they would be able to ship orders to consumers within 30 days.

j. As a result of these misrepresentations and DGB's failure to ship gold and silver, consumers suffered injury of, and Defendants were unjustly enriched in the amount of, Six Million, Five Hundred Twenty-Six Thousand, Five Hundred Fifty-Nine Dollars ($ 6,526,559).

k. A permanent injunction against the Defendants is appropriate because there is a danger of recurring violation.

l. A permanent injunction as to Donald Lee Dayer, Katherina Dayer, and Michael Berman is appropriate because they directly participated in, and had authority to control, DGB's deceptive acts.

m. Donald Lee Dayer, Katherina Dayer, and Michael Berman are jointly and severally liable with DGB for equitable monetary relief in the amount of $ 6,526,559 because they also had knowledge of the deceptive acts and practices.

n. The Dayers filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on December 30, 2016. *In re Donald Lee and Katherina Dayer*, 2:16-bk-27054-WB (Bankr. C.D. Cal.) ("Dayer Bankruptcy Case"). On March 21, 2017, they voluntarily converted the Dayer Bankruptcy Case to a proceeding under Chapter 11. Plaintiff's prosecution of this action, including the entry of a money judgment and the enforcement of a judgment (other than a money judgment) obtained in this action, are actions to enforce the Plaintiff's police or regulatory powers. As a result, these actions are excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4) while the Dayer Bankruptcy Case remains pending, unless the stay has already lifted pursuant to 11 U.S.C. § 362(c).

THEREFORE, IT IS ORDERED as follows:

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

A. "**Clearly and Conspicuously**" means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

> 1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and

audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B. "**Defendants**" means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

C. "**Corporate Defendant**" means DiscountMetalBrokers, Inc., a corporation, f/k/a Discount Gold Brokers, Inc. and Discount Metal Brokers, Inc. and d/b/a Discount Gold Brokers and North American Discount Gold.com, and its successors and assigns.

D. "**Individual Defendants**" means Donald Lee Dayer (a/k/a Lee Dayer or Don Dayer), Katherina Dayer, and Michael Berman.

## ORDER

### I. BAN ON MARKETING INVESTMENTS

IT IS ORDERED that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or sale, or assisting in the advertising, marketing, promoting, offering for sale, or sale, of any investment including precious metals.

### II. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, their agents, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any good or service, are permanently restrained and enjoined from misrepresenting, directly or indirectly, expressly or by implication, any fact material to consumers concerning any good or service, including: the total costs; any material restrictions, limitations or conditions; or any material aspect of its performance, efficacy, nature or central characteristics.

### III. INJUNCTION CONCERNING THE MAIL, INTERNET, OR TELEPHONE ORDER MERCHANDISE RULE

IT IS FURTHER ORDERED that Defendants, their agents, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any good or service, are permanently restrained and enjoined from:

A. soliciting orders from consumers without Clearly and Conspicuously stating the time within which Defendants will ship the order to consumers;

B. failing to ship orders to consumers either within the time Clearly and Conspicuously stated in the solicitation, or within thirty days of full or partial payment if no time is Clearly and Conspicuously stated;

C. failing to Clearly and Conspicuously offer consumers the opportunity to consent to a delay in shipping or to cancel their order and receive a refund if Defendants cannot ship an order within the time promised, or thirty days, whichever is shorter;

D. failing to provide refunds to consumers whose orders will not ship on time, and for which the consumer did not consent to a delayed shipment date; and

E. failing to treat a consumer's order as cancelled and providing a refund for that cancelled order to a consumer whose order will not ship on time, or for which the consumer did not consent to a delayed shipment date.

## IV. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

Judgment in the amount of Six Million, Five Hundred Twenty-Six Thousand, Five Hundred Fifty-Nine Dollars ($ 6,526,559) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

## V. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Individual Defendants' Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

B. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides

that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 10 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the marketing and sale of any product or service; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. SUBMISSIONS TO THE COMMISSION

IT IS FURTHER ORDERED that:

A.  Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

B.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

C.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

>   Associate Director for Enforcement
>   Bureau of Consumer Protection
>   Federal Trade Commission
>   600 Pennsylvania Avenue, NW
>   Washington, D.C.  20580

The subject line must begin:  *FTC v. DiscountMetalBrokers* (X160048).

## VIII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and Individual Defendants, for any business that such Defendant individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

B. contracts with any suppliers, service providers, or contractors related to your sale of any goods or services;

C. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

D. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

F. a copy of each unique advertisement or other marketing material.

## IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Individual Defendant must: submit requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Corporate Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Corporate Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities,

to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Section 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

October 23, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT COURT JUDGE**